*645 OPINION OF THE COURT
George M. Heymann, J.
The petitioner has moved this court for summary judgment in each of these nonpayment proceedings seeking maintenance for the subject cooperative apartments, located at 315 and 321 Eastern Parkway, Brooklyn, New York.*
The respondents oppose the motions on the grounds of breach of the warranty of habitability and each seeks a full abatement for the months of September through December 2004 and for one half of January 2005.
As the two above-captioned matters are identical in terms of the relief sought by the parties and the nature of the conditions raised in the respondents’ affidavits, as well as the legal arguments presented, the court has consolidated these matters for the purpose of rendering a decision thereon.
Factual Background
The petitioner is a not-for-profit corporation organized pursuant to article XI of the Private Housing Finance Law to provide housing for persons of low income. The respondents are shareholders of their respective cooperative apartments.
In 2002 the board of directors agreed to apply to the Department of Housing Preservation and Development (DHPD) to restructure its then existing loan with the City of New York in order to retire the balance on the mortgage and to borrow additional sums of money to repair defective conditions in the buildings.
Thereafter, DHPD approved a secured loan in the amount of $1,000,000 on the condition that the maintenance would be raised to cover the cost of the loan.
The shareholders were then informed of the loan application procedure, the renovations contemplated and the fact that their maintenance would have to be increased accordingly.
On August 22, 2002, all the tenants and shareholders received written notification, by ordinary mail, that if the loan was granted there would be “rehabilitation work throughout the building” and that “[fit is anticipated that this work will take 6-9 months to complete” requiring access to each apartment. (Petitioner’s exhibit F.)
*646 The petitioner’s application for a loan was approved by DHPD and closed on June 18, 2004 and the work contracted for on July 1, 2004 with Novalex Contracting, LLC for $917,019. (Petitioner’s exhibit G.)
The respondents argue that during the extensive renovations adequate kitchen and bathroom facilities were not provided to accommodate them causing great inconvenience.
While the petitioner does not dispute the fact that the respondents, as well as all the other tenants in the two buildings, were inconvenienced during the renovation process, it notes that, of the 24 shareholders involved, only the two respondents, herein, are not paying their maintenance and are seeking an abatement under these circumstances.
Question Presented
Are the respondent shareholders entitled to an abatement on the theory of breach of the warranty of habitability for the inconvenience caused by the renovations of their respective cooperative apartments which was done pursuant to approval by the cooperative’s board of directors?
Conclusion of Law
The seminal case regarding the authority and autonomy of a cooperative’s board of directors to make decisions for the benefit of the cooperative is Matter of Levandusky v One Fifth Ave. Apt. Corp. (75 NY2d 530 [1990]).
In Levandusky, the Court of Appeals was faced with “the legal question of what standard of review should apply when a board of directors of a cooperative corporation seeks to enforce a matter of building policy against a tenant shareholder. [It] conclude[d] that the business judgment rule furnishes the correct standard of review” (id. at 533).
“Developed in the context of commercial enterprises, the business judgment rule prohibits judicial inquiry into actions of corporate directors ‘taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes.’ ” (Id. at 537-538 [citation omitted].)
“So long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith, courts will not substitute their judgment for the board’s.” (Id. at 538.)
The Court’s holding in Levandusky regarding the business judgment rule was further reiterated and reinforced in its deci *647 sion 40 W. 67th St. v Pullman (100 NY2d 147, 153 [2003]), stating that “the business judgment rule ‘best balances the individual and collective interests at stake’ in the residential cooperative setting (Levandusky, 75 NY2d at 537).”
In its moving papers, the petitioner cites the case of 29-45 Tenants Corp. v Rowe (NYLJ, Jan. 8, 1992, at 23, col 4), which is analogous to the instant proceeding. In Rowe, a nonpayment proceeding seeking maintenance charges, both parties moved for summary judgment and the respondent sought an abatement on the ground of breach of the warranty of habitability alleging that conditions existed on the roof terrace of his penthouse cooperative apartment and that the work done by the petitioner cooperative “wrongfully rendered the terrace uninhabitable” (at 23, col 5).
Ironically, the respondents in the case at bar are relying on that same case for the proposition that the warranty of habitability applies to cooperative apartments and, therefore, they are entitled to monetary relief in the form of an abatement.
Although the court in Rowe stated that, “as a matter of law, the warranty of habitability as set forth in RPL Sec. 235-b applies to cooperative apartments and buildings, regardless of any clauses to the contrary in the proprietary lease,” it did not award any abatement to the respondent shareholder. In fact, the court, citing Levandusky (supra), noted that it “cannot disturb” the “business judgment” of the cooperative regarding the work done on the terrace and the inconvenience it caused the shareholder (at 23, cols 4, 5).
“While this work no doubt caused great inconvenience to respondent and affected the appearance of the terrace, the Court finds that there was not a breach of the warranty of habitability. The cooperative was properly exercising its right to work on the terrace to repair roof leaks; no evidence has been presented to show that the work was unnecessary or improper.” (29-45 Tenants Corp. v Rowe, supra at 23, col 5.)
Similarly, in the instant matter, the work undertaken by the cooperative was necessary to fulfill its obligations pursuant to the proprietary lease to maintain the premises. The work contracted for was approved by the board and all the tenants were given notification of the proposed work.
While all the parties and the court concur that the warranty of habitability applies to cooperatives, it is necessary to examine *648 the circumstances on a case-by-case basis to determine whether it is an appropriate relief for the conditions in a tenant’s apartment. Moreover, there is a clear distinction between being a rental tenant and a cooperative shareholder who is, in effect, an owner of the building itself. It is well settled that conditions within the cooperative apartment that are not caused as a result of any external factors for which the cooperative can be held accountable are the sole responsibility of the shareholder.
Where, as here, the conditions within the respondents’ apartments are a direct result of a building-wide renovation project that the board of directors voted on and approved, it does not fall within the purview of a breach of the warranty of habitability, especially, where said renovations will inure to the benefit of the respondent shareholders by protecting their investments in a properly maintained building.
Respondents’ position, which the petitioner acknowledges, that the board and the contracting company did not provide appropriate alternative facilities, i.e., sufficient and accessible kitchens and bathrooms, resulting in major inconvenience and disruption in the lives of the respondents and other tenants during the renovation period, does not require a finding by this court that an abatement is warranted. Regardless of the fact that the petitioner’s attempts to alleviate any disruption of the tenants’ use of their respective premises during the renovations was inadequate due to the locations and limited number of kitchens and bathrooms available, there has been no proof forthcoming that these inadequacies were anything other than poor planning. The respondents have not demonstrated that the board’s conduct was willful or outside of its scope of authority.
“Even if decisions of a cooperative board do not generally involve expertise beyond the usual ken of the judiciary, at least board members will possess experience of the peculiar needs of their building and its residents not shared by the court.” {Levandusky, supra at 539.)
Were this court to grant the respondents an abatement, the respondents would, in effect, be seeking damages against themselves as they, along with all the other shareholders who have not sought any abatement, would have to vote an assessment against themselves to cover the cost of any recovery. This would result in a zero gain for the respondents and an unnecessary out-of-pocket expenditure for all the other shareholders.
As stated in Rowe {supra at 23, col 6), “An owner cannot be given financial compensation against himself and fellow owners for necessary maintenance.”
*649 The respondents’ disenchantment with the renovation process must be weighed against the greater good that has been bestowed upon the cooperative as a whole. Neither this court, nor any other court, can substitute the judgment of the petitioner board absent a showing that the board acted in bad faith or without authority. Such is not the case here.
“A cooperative or condominium is by nature a myriad of often competing views regarding personal living space, and decisions taken to benefit the collective interest may be unpalatable to one resident or another, creating the prospect that board decisions will be subjected to undue court involvement and judicial second-guessing. Allowing an owner who is simply dissatisfied with a particular board action a second opportunity to reopen the matter completely before a court, which—generally without knowing the property—may or may not agree with the reasonableness of the board’s determination, threatens the stability of the common living arrangement.” (Levandusky, supra at 539-540.)
Therefore, for the foregoing reasons, the respondents are not entitled to any abatement for breach of the warranty of habitability for the conditions in their apartments during the renovation process.
Accordingly, the petitioner’s motions for summary judgment are granted as to each respondent. The petitioner is awarded a final possessory judgment in the amount of $5,691.11 as against the respondent Wint-Howell and a final possessory judgment in the amount of $3,468.40 as against the respondent Grant. The warrants to issue forthwith, execution stayed through September 16, 2005.

 Respondent Wint-Howell resides at 315 Eastern Parkway, apartment 2A, and respondent Grant resides at 321 Eastern Parkway, apartment 4C.